IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-CV-044

| | |
|---|---|
| DEBORAH PADGETT, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) **ORDER** |
| CAROLYN W. COLVIN,<br>**Acting Commissioner,**<br>**Social Security Administration,** | ) ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Defendant Commissioner's Motion for Summary Judgment (Doc. No. 13). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision which found her not disabled under the Social Security Act (the "Act"). Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED**, Defendant's Motion for Summary Judgment is **DENIED**, and the Commissioner's decision is **VACATED.**

## I. BACKGROUND

Plaintiff applied for Supplemental Security Income and a period of disability insurance and Disability Insurance Benefits under Titles XVI and II of the Social Security Act on November 1 and 3, 2010, alleging an onset date of disability of September 24, 2010. (T. 177, 181). It was denied at the State Agency levels. (T. 144, 152, 159). She was provided a hearing with an Administrative Law Judge (ALJ) on June 15, 2012. (T. 49–68). On August 28, 2012, the ALJ rendered a decision

that Ms. Padgett was not disabled within the meaning of the Social Security Act. (T. 38-44). The Appeals Council denied Ms. Padgett's request for review on December 20, 2013, making the ALJ's August 28, 2012 decision Defendant's final decision in this case. (T. 1–7). Ms. Padgett then filed this civil action on February 19, 2014, seeking judicial review of the Defendant's final decision.

## II. LEGAL STANDARD

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). District courts do not review a final decision of the Secretary *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. *Hays*, 907 F.2d at 1456.

The Social Security Administration ("SSA") uses a five-step sequential evaluation process, pursuant to 20 C.F.R. § 404.1520, for determining disability claims. If a claimant is found to be disabled or not disabled at any step, the inquiry ends and the adjudicator does not proceed further in the process. The claimant bears the burden of production and proof during the first four steps of the inquiry. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If she is able to carry this burden through the fourth step, the burden shifts to the Commissioner in the fifth step to show that other work is available in the national economy which the claimant could perform. *Id.* Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe and meets the twelve-month durational requirement set forth in 20 C.F.R. § 404.1509; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering her RFC and vocational factors (age, education, and work experience). If the claimant is able to adjust to other work, considering her RFC and vocational factors, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i-v).

### III. ANALYSIS

At step one of her analysis of Plaintiff's application for benefits, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 24, 2010. (T. 40). At step two, the ALJ found that the claimant had the following severe impairments: rheumatoid arthritis, fibromyalgia, and a history of rotator cuff repair. (T. 40). She also found Plaintiff's alleged impairment of depression to be non-severe, and her obesity not to be a medically determinable

impairment. (T. 41). At step three, the ALJ found that the Plaintiff did not meet a Listing. (T. 41). At step four, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to

> perform a restricted range of light work as defined in 20 CFR § 404.1567(b) and 416.967(b) (2014). Specifically, the claimant is precluded from climbing ladders, ropes and scaffolds and from balancing on slippery surfaces. In addition, the claimant is limited to occasional climbing of ramps and stairs, and she is limited to occasional stooping, kneeling and crouching. Moreover, the claimant has difficulty with fine manipulation, and she must avoid extreme cold, wetness and humidity.

(T. 42). The ALJ found that she had past relevant work as light, skilled assistant retail manager and as a light, unskilled cashier II. [T. 44] Because she found that claimant could perform her past relevant work, the ALJ denied the claim at step four. (T. 44).

Plaintiff argues the ALJ erred by improperly assessing severity at step two, (T. 40–41); improperly assessing obesity under S.S.R. 02-1p, (T. 41–44); improper assessment of qualification for a Listing at step three, (T. 41); improper credibility assessment, (T. 42–3); improperly weighing of expert opinion, (T. 43); improperly assessing RFC, (T. 42–44); and improper vocational analysis, (T. 44), that was not supported by substantial evidence or law. (Doc. No. 11-1).

Plaintiff argues that the ALJ erred by not considering Listing 14.09 when she made the determination that Plaintiff's impairment was not so severe that it met or equaled one of the listed impairments in Appendix 1, Subpart P, Regulation 4. (Doc. No. 11-1 at 9). Plaintiff submits evidence indicating she suffers from Rheumatoid Arthritis, a condition relevant to Listing 14.09. (*Id.*) Plaintiff argues that the ALJ did not mention listing 14.09, did not apply the listed criteria to Plaintiff's symptoms, and included no analysis of her determination that Plaintiff does not meet said listing. (*Id.*)

The Fourth Circuit has noted that an ALJ's failure to comply with administrative procedures requiring her "to include in the text of her decision a statement of the reasons for that decision" renders the reviewing court unable to "tell whether [the ALJ's] decision is based on

substantial evidence or not." *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986). When determining whether a claimant's impairment meets the criteria of a listing, "[t]he ALJ's analysis must reflect a comparison of the symptoms, signs, and laboratory findings concerning the impairment, including any resulting functional limitations, with the corresponding criteria set forth in the relevant listing." *Huntington v. Apfel*, 101 F. Supp. 2d 384, 390-91 (D. Md. 2000). *See also Cook*, 783 F.2d at 1173 (holding that an ALJ's explanation for finding the claimant's arthritis symptoms did not meet the criteria of a listing was deficient because the explanation did not identify the relevant impairments and failed to compare each of the listed criteria to the evidence of the claimant's symptoms).

The instant case is analogous to *Cook*. Here, the ALJ included even less explanation for her finding that Plaintiff's arthritis did not meet the criteria of a Listing than the ALJ included in *Cook*. *See Cook*, 783 F.2d at 1172–73. The decision includes only the following declaration of the ALJ's determination that no Listing was met:

> **The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CRF 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).**

(T. 41). In accordance with Fourth Circuit precedent, the Court agrees with the Plaintiff that the ALJ's conclusion fails to properly discuss evidence relating to whether Plaintiff's Rheumatoid Arthritis met the criteria of Listing 14.09. Without an explanation from the ALJ supporting her finding, it is impossible for the Court to determine whether the finding is supported by substantial evidence. *See Cook*, 783 F.2d at 1173 ("The ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [plaintiff's] symptoms.").

The Court notes that the ALJ could have rectified this with thorough analysis of Plaintiff's arthritis symptoms in her discussion of Plaintiff's RFC. *See Patterson v. Colvin*, 2013 WL 4441986, at *5 (D.S.C. Aug. 15, 2013) ("The Fourth Circuit has held that it is not always necessary for the ALJ to present evidence under a particular step, as long as it is possible, from reading the ALJ's decision in its entirety, to determine whether there was substantial evidence to support the ALJ's conclusions.") (citing *McCarty v. Apfel*, 28 F. App'x 277, 279–80 (4th Cir.2002)). Here, the ALJ failed to specify a relevant listed impairment which the Court could look to in order to determine whether her conclusion that Plaintiff's impairments fail to meet or equal any listing is valid. Plaintiff presents evidence that indicates she suffers from Rheumatoid Arthritis, and the ALJ failed to sufficiently discuss Plaintiff's symptoms in her analysis of Plaintiff's RFC. She noted only that "claimant has experienced chronic morning stiffness about the shoulders, neck and hands . . . exhibited a high-level rheumatoid factor after undergoing diagnostic testing . . . [and] has realized only limited pain relief and increased joint mobility through compliance with multiple injections . . ." (T. 43). Nothing about this discussion allows the Court to infer why Plaintiff does not meet a listing due to her Rheumatoid Arthritis. From this limited analysis, it is impossible for the Court to find that the ALJ's conclusion that Plaintiff's impairments fail to meet or equal any listing is supported by substantial evidence.

## IV. CONCLUSION

For reasons expressed above, the Court finds that remand is necessary. Therefore, the Court does not find it necessary to address the remaining assignments of error as set out by Plaintiff.

Therefore, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**, Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**, and the Commissioner's

decision is **VACATED**.  This matter is **REMANDED** to the Social Security Administration for further proceedings consistent with this order.

**SO ORDERED.**

Signed: August 10, 2015

Graham C. Mullen
United States District Judge